UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

UNITED NATIONAL INSURANCE
COMPANY,

      Plaintiff,

v.

SUTTON PLACE ASSOCIATION, INC.,
DANIELLE DELANEY-OGOREK AS PR FOR
THE ESTATE OF JESSE DELANEY-OGOREK,
and ADVANCED MANAGEMENT OF SOUTHWEST
FLORIDA, INC.

      Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, UNITED NATIONAL INSURANCE COMPANY ("UNIC"), files this Complaint for Declaratory Judgment against Defendants, SUTTON PLACE ASSOCIATION, INC. (the "Association"), DANIELLE DELANEY-OGOREK AS PR FOR THE ESTATE OF JESSE DELANEY-OGOREK ("Delaney"), and ADVANCED MANAGEMENT OF SOUTHWEST FLORIDA, INC. ("Advanced"), and alleges the following:

### NATURE OF ACTION

1. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.

### JURISDICTION, VENUE AND PARTIES

2. The United States District Court for the Middle District of Florida has jurisdiction of this action pursuant to 28 U.S.C. § 1332 because there is a diversity of citizenship between the

CASE NO.: _____

Plaintiff and all of the Defendants, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

3. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because this district is where the events giving rise to the subject coverage dispute occurred.

4. Venue is also proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because this declaratory action is derivative of an underlying action brought by Delaney against the Defendants herein, *inter alia*, in an action styled as DANIELLE DELANEY-OGOREK AS PR FOR THE ESTATE OF JESSE DELANEY-OGOREK v. Sutton Place Association, Inc. *et al.*, case no. 2022-CA-003451, in the 12th Judicial Circuit in and for Manatee County, Florida (the "Underlying Action").

5. Plaintiff, UNIC, is a Pennsylvania corporation with its principal place of business located in Bala Cynwood, Pennsylvania. UNIC is deemed to be a citizen of Pennsylvania.

6. Defendant, Association, is a Florida not for profit corporation with its principal place of business in Bradenton, Florida. The Association is deemed to be a citizen of Florida.

7. Defendant, Advanced, is a Florida for profit corporation with its principal place of business in Bradenton, Florida. Advanced is deemed to be a citizen of Florida.

8. Upon Information and belief, Defendant, Delaney, is a Florida citizen who resides in Pinellas County, Florida, and who was appointed PR of the Estate of Jesse Joseph Delaney-Ogorek (the "Deceased"), in the Probate Division, Pinellas County, Florida, file no. 22-006226-ES. Delaney is deemed to be a citizen of Florida.

9. All conditions precedent to the filing of this Petition for Declaratory Judgment have occurred, been performed, or have been waived.

CASE NO.: _____

## **THE UNDERLYING LITIGATION**

10. In the Underlying Action, Delaney is suing, among others, the Association and Advanced in a wrongful death and survivorship action.

11. Delaney seeks damages because of the bodily injury and death by electrocution suffered by her husband, the Deceased, on October 25, 2021.

12. In her original Complaint, attached hereto as Exhibit A, Delaney alleged in relevant part as follows:

> 10. On or about October 7, 2021 Advanced Management requested Urethane Systems, Inc. to repair a ceiling leak at a two-story Sutton Place Association building which building was comprised of residence units 540 Sutton Place, 542 Sutton Place, and 542 Sutton Place, Longboat Key, Florida. The two-story building is heretofore referred to as the worksite building. The repair work was begun on October 25, 2021 by Urethane Systems, Inc. employees Jesse Delaney-Ogorek and Evan Lucero.
>
> 11. While on Sutton Place Association property on October 25, 2021, Jesse Delaney-Ogorek and Evan Lucero were business invitees of Sutton Place Association.
> \*\*\*
> 22. On October 25, 2021 while Jesse Delaney-Ogorek attempted to access the worksite building roof an extension ladder inadvertently and foreseeably contacted the un-insulated high-voltage primary power line near the worksite building and caused the electrocution and death of Jesse Delaney-Ogorek.

13. In her (now operative) Third Amended Complaint, attached hereto as Exhibit B, Delaney alleges in relevant part as follows:

> 10. At all times material to this complaint Jesse Delaney-Ogorek was an employee of Urethane Systems Inc. and acting as directed by and for the benefit of Urethane Systems Inc. and within the scope and course of that employment.
>
> 11. On or about October 7, 2021 Advanced Management delivered an email request to Urethane Systems Inc. to schedule a service call in order to provide to Advanced Management an estimate for repair of a spot in a master bedroom ceiling at 544 Sutton Place.
>
> 12. In response to the Advanced Management request, Urethane Systems Inc. directed Jesse Delaney-Ogorek to evaluate the ceiling leak in order for Urethane Systems Inc. to provide to Advanced Management the requested repair estimate.

CASE NO.: _____

13. On October 25, 2021 at the time of his death Jesse Delaney-Ogorek was in the process of examining the roof for the purpose of Urethane Systems Inc. to provide the requested estimate.

14. The work activity being performed by Jesse Delaney-Ogorek at the time of his death was being performed for the benefit of Urethane Systems Inc.

15. The work activity being performed by Jesse Delaney-Ogorek at the time of his death was not part of any work performed by Jesse Delaney-Ogorek for Sutton Place Association or Advanced Management.

\*\*\*

20. On October 25, 2021 Jesse Delaney-Ogorek attempted to access the worksite building roof and access ladders by placing an extension ladder adjacent to the roof access ladder attached to the mansard roof and transferring from the extension ladder to the roof access ladder. As he began to transfer onto the roof access ladder Mr. Delaney-Ogorek observed that the roof access ladder was deteriorated and not safe for use. Unable to safely use the roof access ladder, Mr. Delaney-Ogorek attempted to position the extension ladder to access the worksite building roof from the extension ladder and while doing so the extension ladder contacted the uninsulated high-voltage power line near the worksite building and roof access ladder, was electrocuted and died shortly thereafter.

21. Jesse Delaney-Ogorek's work conduct involved in his attempt to access the worksite building roof prior to his unfortunate electrocution on October 25, 2021 were performed for the purpose of preparing a repair estimate solely for the benefit of Urethane Systems Inc.

22. Jesse Delaney-Ogorek's work conduct involved in his attempt to access the worksite building roof prior to his unfortunate electrocution on October 25, 2021 was not part of any work being performed for Sutton Place Association or Advanced Management.

## THE UNIC POLICY

14. UNIC issued a commercial general liability ("CGL") policy to the Association, policy number WKF0000391, with a policy period of November 15, 2020 to November 15, 2021. A complete copy of the policy is attached as Exhibit "C."

15. The policy provides coverage for "bodily injury" claims in the insuring agreement for Coverage A, form CG 00 01, which states in relevant part:

**SECTION I – COVERAGES**

CASE NO.: _____

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. … Ex. B.

16. The policy contains an endorsement, form no. EPA 1774 (01/17), titled EXCLUSION – INJURY TO INDEPENDENT CONTRACTORS, which provides in relevant part:

    This insurance does not apply to "bodily injury" to any independent contractor, subcontractor, any "employee" of any independent contractor or subcontractor, or any casual laborer or "volunteer worker" while performing any work for you.

*Id.*

## REQUEST FOR DECLARATORY JUDGMENT

17. UNIC seeks a declaration that it has no duty to defend, and therefore no duty to indemnify, anyone in the Underlying Action based on the above-referenced EXCLUSION-INJURY TO INDEPENDENT CONTRACTORS endorsement.

18. There exists a bona fide actual, present and practical need for the declaration of coverage under the policy and the rights and obligations of UNIC.

19. The rights and obligations of UNIC under the policy are dependent upon the facts and the law applicable to the facts affecting coverage under the policy.

20. UNIC and each and every defendant herein have an actual, present controversy in the subject matter described herein.

21. All proper and present interests are before the Court by proper process.

**WHEREFORE**, UNIC respectfully requests that this Honorable Court:

CASE NO.: _____

  a. Declare that UNIC has no duty to defend, and therefore no duty to indemnify, anyone in the Underlying Action.

  b. Award UNIC all other relief that is equitable, just and proper under the circumstances.

               Respectfully submitted,

               /s/ *John R. Catizone*
               JOHN R. CATIZONE, ESQ.
               Florida Bar No. 695491
               E-mail: catizone@litchfieldcavo.com

               **LITCHFIELD CAVO LLP**
               Radice Corporate Center
               600 Corporate Drive, Suite 600
               Fort Lauderdale, Florida 33334
               (954) 689-3000 – Telephone
               (954) 689-3001 – Facsimile

               *Counsel for United National Insurance Company*