UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED NATIONAL INSURANCE
COMPANY,

    Plaintiff,

v.                        Case No. 8:23-cv-2926-VMC-NHA

SUTTON PLACE ASSOCIATION, INC.,
DANIELLE DELANEY-OGOREK as PR
for the Estate of Jesse
Delaney-Ogorek, and ADVANCED
MANAGEMENT OF SOUTHWEST FLORIDA,
INC.,

    Defendants.
_____/

**ORDER**

    This matter comes before the Court upon consideration of Defendants Sutton Place Association, Inc. and Advanced Management of Southwest Florida, Inc.'s Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment (Doc. # 13), filed on February 1, 2024. Plaintiff United National Insurance Company filed a response to the Motion on February 5, 2024. (Doc. # 15). Defendant Danielle Delany-Ogorek also filed a Notice of Joinder and Adoption of Defendants, Sutton Place Association, Inc. and Advanced Management of Southwest Florida, Inc.'s, Motion to Dismiss on February 16, 2024. (Doc. # 17). For the reasons set forth below, the Motion is denied.

1

I.  **Background**

On December 21, 2023, Plaintiff United National Insurance Company filed a complaint for declaratory judgment against Defendants Sutton Place Association, Inc., Danielle Delaney-Ogorek, as Personal Representative for the Estate of Jesse Delaney-Ogorek, and Advanced Management of Southwest Florida, Inc. (Doc. # 1). This litigation is related to an ongoing action in Florida state court, Danielle Delaney-Ogorek as Personal Representative for the Estate and Survivors of Jesse Joseph Delaney-Ogorek v. Sutton Place Association, Inc. et al., case no. 2022-CA-003451, in the 12th Judicial Circuit in and for Manatee County, Florida ("Underlying Action"). (Id. at ¶ 4); (Doc. # 1-1).

Ms. Delaney-Ogorek filed the Underlying Action, a wrongful death and survivorship action, on August 19, 2022, to seek damages for the bodily injury and death by electrocution of her husband, Jesse Delaney-Ogorek, on October 25, 2021. (Doc. # 1 at ¶ 11); (Doc. # 1-1). The operative complaint in the Underlying Action states in relevant part:

> 10. At all times material to this complaint Jesse Delaney-Ogorek was an employee of Urethane Systems Inc. and acting as directed by and for the benefit of Urethane Systems Inc. and within the scope and course of that employment.

2

11.   On  or  about  October  7,  2021,  Advanced
Management  delivered  an  email  request  to  Urethane
Systems Inc. to schedule a service call in order to
provide  to  Advanced  Management  an  estimate  for
repair of a spot in a master bedroom ceiling at 544
Sutton Place.

12. In response to the Advanced Management request,
Urethane Systems Inc. directed Jesse Delaney-Ogorek
to evaluate the ceiling leak in order for Urethane
Systems Inc. to provide to Advanced Management the
requested repair estimate.

13. On October 25, 2021, at the time of his death
Jesse  Delaney-Ogorek  was  in  the  process  of
examining the  roof  for  the  purpose  of  Urethane
Systems Inc. to provide the requested estimate.

14. The  work  activity  being  performed  by  Jesse
Delaney-Ogorek at the time of his death was being
performed for the benefit of Urethane Systems Inc.

15. The  work  activity  being  performed  by  Jesse
Delaney-Ogorek at the time of his death was not
part of any work performed by Jesse Delaney-Ogorek
for  Sutton  Place  Association  or  Advanced
Management.

(Doc. # 1-2 at ¶¶ 10-15).

United  National  issued  a  commercial  general  liability

policy to Sutton Place. (Doc. # 1 at ¶ 14). The policy dates

were  November  15,  2020,  to  November  15,  2021.  (Id.).  The

policy provides coverage for bodily injury, stating:

[United National] will pay those sums that the
insured becomes legally obligated to pay as damages
because of "bodily injury" . . . to which this
insurance applies. [United National] will have the
right and duty to defend the insured against any
"suit" seeking those damages. However, [United

> National] will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" . . . to which this insurance does not apply.

(Id. at ¶ 15); (Doc. # 1-3 at 7). However, the policy also includes an endorsement titled "EXCLUSION – INJURY TO INDEPENDENT CONTRACTORS." This endorsement states:

> This insurance does not apply to "bodily injury" to any independent contractor, subcontractor, any "employee" of any independent contractor or subcontractor, or any casual laborer or "volunteer worker" while performing any work for [Sutton Place].

(Doc. # 1 at ¶ 16); (Doc. # 1-3 at 46).

Based on this endorsement, United National "seeks a declaration that it has no duty to defend, and therefore no duty to indemnify, anyone in the Underlying Action" in this case. (Doc. # 1 at ¶ 17).

Now, Sutton Place and Advanced Management move to dismiss the complaint. (Doc. # 13). United National has responded. (Doc. # 15). Delaney-Ogorek has filed a Notice of Joinder and Adoption of the Motion. (Doc. # 17). The Motion is now ripe for review.

## II.  **Legal Standard**

United National brings the present lawsuit under the Declaratory Judgment Act, 28 U.S.C. § 2201. The Declaratory Judgement Act provides, in relevant part:

> In a case of actual controversy within its
> jurisdiction . . . any court of the United States,
> upon the filing of an appropriate pleading, may
> declare the rights and other legal relations of any
> interested party seeking such declaration, whether
> or not further relief is or could be sought. Any
> such declaration shall have the force and effect of
> a final judgment or decree and shall be reviewable
> as such.

28 U.S.C. § 2201(a).

Under the Declaratory Judgment Act, federal courts have "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Id. at 286-87. The Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328, 1330 (11th Cir. 2005).

To determine whether to exercise its discretion under the Act, the Court follows the guidance from Brillhart v. Excess Ins. Co., 316 U.S. 491, 495 (1941), that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." The

Eleventh Circuit has provided a list of factors to guide the
decision whether to exercise jurisdiction over a declaratory
judgment case when there is a concurrent state proceeding:

1. the strength of the state's interest in having the issues
   raised in the federal declaratory action decided in the
   state courts;

2. whether the judgment in the federal declaratory action
   would settle the controversy;

3. whether the federal declaratory action would serve a
   useful purpose in clarifying the legal relations at
   issue;

4. whether the declaratory remedy is being used merely for
   the purpose of "procedural fencing" — that is, to provide
   an arena for a race for res judicata or to achieve a
   federal hearing in a case otherwise not removable;

5. whether the use of a declaratory action would increase
   the friction between our federal and state courts and
   improperly encroach on state jurisdiction;

6. whether there is an alternative remedy that is better or
   more effective;

7. whether the underlying factual issues are important to
   an informed resolution of the case;

8. whether the state trial court is in a better position to
   evaluate those factual issues than is the federal court;
   and

9. whether there is a close nexus between the underlying
   factual and legal issues and state law and/or public
   policy, or whether federal common or statutory law
   dictates a resolution of the declaratory judgment
   action.

Ameritas, 411 F.3d at 1331. These factors are applied under
a totality-of-the-circumstances standard, and not all of the

factors are required. The Eleventh Circuit has clarified further that these factors are intended to "encompass" the Court's determination of the similarity between the concurrent proceedings. <u>Nat'l Tr. Ins. Co. v. S. Heating & Cooling Inc.,</u> 12 F.4th 1278, 1286 (11th Cir. 2021).

## III. **<u>Analysis</u>**

Defendants[1] assert that this Court should abstain from hearing this action and dismiss United National's complaint because the issues of defense and indemnity raised in this action would be better resolved as part of the Underlying Action. (Doc. # 13 at ¶ 4). United National counters that this action is not a parallel action to the Underlying Action and, thus, the Court should decline to dismiss the case. (Doc. # 15 at ¶ 4).

Looking at the totality of the circumstances, the Court concludes that this case is not similar enough to the Underlying Action to create conflict. While each case arises from the same incident and some of the parties overlap, the central dispute in each case is different. The Underlying

---

[1] As an initial matter, Delaney-Ogorek has filed a Notice of Joinder and Adoption of the Motion. (Doc. # 17). The Court construes this notice as a motion to join the Motion to Dismiss. This construed motion is granted.

Action involves a wrongful death claim concerning whether any or all of the defendants breached a duty of care to Jesse Delaney-Ogorek. (Doc. # 1-2 at ¶¶ 10-15). This federal case, in contrast, revolves around whether Urethane Systems, Inc. had been retained by Sutton Place and whether Jesse Delaney-Ogorek was acting within the scope of his employment at Urethane Systems, Inc. (Doc. # 1). Indeed, these issues related to insurance coverage are not raised in the operative complaint in the Underlying Action. (Doc. # 1-2 at ¶¶ 10-15). The state court's decision in the Underlying Action on whether a duty was breached will have no effect on the merits of the duty to defend claim, and this Court's decision on whether United National has a duty to defend will have no effect on the merits of the wrongful death claim.

Thus, under the Ameritas factors, a decision in this federal declaratory action would not settle the controversy in the Underlying Action. At most, a decision here could clarify the rights of certain parties in the Underlying Action. Accordingly, a federal declaratory judgment would not increase friction between federal and state courts. The factual issues to be decided in the Underlying Action have no bearing on an informed resolution of this case, as this case relates solely to the interpretation of an insurance contract

8

and the facts of the underlying incident are immaterial to that interpretation. Defendants have not identified any complicated factual or legal matters of Florida law involved in the insurance coverage question that would place the state court in a better position to resolve the question presented. Further, Defendants have failed to demonstrate that any of the other Ameritas factors are present here, such as: any federal common or statutory law which dictates a dismissal of this case; a more effective alternative remedy; or that the federal declaratory action is being used in a race for res judicata.

The Court's conclusion is supported by the Eleventh Circuit's recent decision in National Trust Insurance Company, 12 F.4th at 1288-90. There, the Eleventh Circuit affirmed the district court's dismissal of a declaratory action because of the presence of several complicating factors. Id. Specifically, the determination of the insurance-coverage question in the declaratory action was conditioned upon a factual finding that would also serve as the dispositive factual finding in the concurrent state court action. Id. Given this overlap, the Eleventh Circuit agreed that "the parties would be presenting duplicative evidence and that the state court was better placed to evaluate those

facts." Id. Furthermore, the insurance issue was based on "unsettled Alabama law" such that the state court had a "compelling interest in determining the issues raised in the declaratory judgement." Id.

In contrast, this case presents no such complicating factors. The insurance issue raised is not conditioned upon any factual findings such that duplicate evidence would be presented in each case. Further, Defendants have failed to identify any unsettled state law at issue in the federal action that would make the state court better-suited to resolve the issue. Given this separation of the factual issues and the lack of identified legal ambiguity here, this Court may properly adjudicate the present case. See S.-Owners Ins. Co. v. Galati Yacht Sales, LLC, No. 8:21-cv-2567-VMC-SPF, 2022 WL 1453480, at *5 (M.D. Fla. May 9, 2022) (denying motion to dismiss the federal declaratory action after reviewing the Ameritas factors because "none of the complicating factors present in National Trust" existed and "the questions presented [were] so different, there [was] little to no danger that the use of a declaratory action would increase the friction between federal and state courts or improperly encroach on state jurisdiction"); Auto-Owners Ins. Co. v. Cymbal Props., LLC, No. 1:21-00111-KD-B, 2021 WL 4314458, at

*7 (S.D. Ala. Sept. 22, 2021) (denying motion to dismiss federal declaratory action after applying the Ameritas factors to find that abstention would be inappropriate because the resolution of the disputed factual issues in the underlying state action were "irrelevant" to the insurance question at issue in the federal case).

The Motion is, therefore, denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Defendant Danielle Delany-Ogorek's construed Motion for Joinder and Adoption of Defendants, Sutton Place Association, Inc. and Advanced Management of Southwest Florida, Inc.'s, Motion to Dismiss Plaintiff's Complaint for Declaratory Judgement (Doc. # 17) is **GRANTED.**

(2)   Defendants Sutton Place Association, Inc. and Advanced Management of Southwest Florida, Inc.'s Motion to Dismiss Plaintiff's Complaint for Declaratory Judgment (Doc. # 13) is **DENIED.**

(3)   Defendants are directed to file their answer to the complaint within 14 days of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of August, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE