```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION

UNITED NATIONAL INSURANCE COMPANY,

     Plaintiff,

v.                              Case No. 8:23-cv-2926-VMC-NHA

SUTTON PLACE ASSOCIATION, INC.
et al,

     Defendants.
_____/
```

**ORDER**

This matter comes before the Court pursuant to Plaintiff United National Insurance Company's Motion for Final Summary Judgment (Doc. # 38), filed on October 3, 2024, and Defendants Sutton Place Association Inc. and Advanced Management of Southwest Florida, Inc.'s Response to Plaintiff's Motion for Summary Final Judgment and Cross Motion for Summary Judgment (Doc. # 41), filed on November 13, 2024. Plaintiff responded to the Cross Motion for Summary Judgment on December 4, 2024. (Doc. # 42). For the reasons that follow, Plaintiff's Motion is granted, and Defendants' Motion is denied.

**I.   Background**

On December 21, 2023, Plaintiff United National Insurance Company filed a complaint for declaratory judgment against Defendants Sutton Place Association, Inc., Danielle

1

Delaney-Ogorek, as Personal Representative for the Estate of Jesse Delaney-Ogorek, and Advanced Management of Southwest Florida, Inc. (Doc. # 1). This litigation is related to an ongoing action in Florida state court, <u>Danielle Delaney-Ogorek as Personal Representative for the Estate and Survivors of Jesse Joseph Delaney-Ogorek v. Sutton Place Association, Inc. et al.</u>, case no. 2022-CA-003451, in the 12th Judicial Circuit in and for Manatee County, Florida ("Underlying Action"). (<u>Id.</u> at ¶ 4); (Doc. # 1-1).

Ms. Delaney-Ogorek filed the Underlying Action, a wrongful death and survivorship action, on August 19, 2022, to seek damages for the bodily injury and death by electrocution of her husband, Jesse Delaney-Ogorek, on October 25, 2021. (Doc. # 1 at ¶ 11); (Doc. # 1-1). The operative complaint in the Underlying Action states in relevant part:

> 10. At all times material to this complaint Jesse Delaney-Ogorek was an employee of Urethane Systems Inc. and acting as directed by and for the benefit of Urethane Systems Inc. and within the scope and course of that employment.
>
> 11. On or about October 7, 2021, Advanced Management delivered an email request to Urethane Systems Inc. to schedule a service call in order to provide to Advanced Management an estimate for repair of a spot in a master bedroom ceiling at 544 Sutton Place.

2

> 12. In response to the Advanced Management request, Urethane Systems Inc. directed Jesse Delaney-Ogorek to evaluate the ceiling leak in order for Urethane Systems Inc. to provide to Advanced Management the requested repair estimate.
>
> 13. On October 25, 2021, at the time of his death Jesse Delaney-Ogorek was in the process of examining the roof for the purpose of Urethane Systems Inc. to provide the requested estimate.
>
> 14. The work activity being performed by Jesse Delaney-Ogorek at the time of his death was being performed for the benefit of Urethane Systems Inc.
>
> 15. The work activity being performed by Jesse Delaney-Ogorek at the time of his death was not part of any work performed by Jesse Delaney-Ogorek for Sutton Place Association or Advanced Management.

(Doc. # 41-1 at ¶¶ 10-15).

United National issued a commercial general liability policy to Sutton Place. (Doc. # 41-2). The policy dates were November 15, 2020, to November 15, 2021. (Id. at 1). The policy provides coverage for bodily injury, stating:

> [United National] will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies. [United National] will have the right and duty to defend the insured against any "suit" seeking those damages. However, [United National] will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" . . . to which this insurance does not apply.

3

(Id. at 9). However, the policy also includes an endorsement titled "EXCLUSION – INJURY TO INDEPENDENT CONTRACTORS." This endorsement states:

> This insurance does not apply to "bodily injury" to any independent contractor, subcontractor, any "employee" of any independent contractor or subcontractor, or any casual laborer or "volunteer worker" while performing any work for you.

(Id. at 49).

The policy also contained the following clarification: "Throughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy." (Id. at 10).

On August 9, 2024, the Court in this action denied the Defendants' motion to dismiss (Doc. # 34), which had argued that the issues of defense and indemnity raised here would be better resolved in the Underlying Action. (Doc. # 13 at ¶ 4).

Now, United National moves for summary judgment (Doc. # 38), leading Defendants Advanced Management and Sutton Place to respond and move for cross summary judgment. (Doc. # 41). United National has responded to the cross motion for summary judgment (Doc. # 42), and each Motion is now ripe for review.

## II. **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the

5

pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (quoting Celotex Corp., 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true, and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988). But, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981).

Finally, the filing of cross-motions for summary judgment does not give rise to any presumption that no genuine issues of material fact exist. Rather, "[c]ross-motions must

be considered separately, as each movant bears the burden of establishing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." <u>Shaw Constructors v. ICF Kaiser Eng'rs, Inc.</u>, 395 F.3d 533, 538–39 (5th Cir. 2004); <u>see also</u> <u>United States v. Oakley</u>, 744 F.2d 1553, 1555 (11th Cir. 1984) ("Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed . . . ." (quotation omitted)).

### III. Analysis

The contents of the insurance policy and underlying factual events described within the complaint are undisputed. The parties simply dispute their legal significance. Thus, the sole material dispute between the parties is whether Mr. Delaney-Ogorek was performing work for Defendants (as either an independent contractor or an employee of an independent contractor) or was performing work for Urethane Systems.

#### A. United National's Motion

United National argues that Mr. Delaney-Ogorek was acting as an independent contractor or the employee of an independent contractor, such that it has no duty to defend or indemnify Sutton Place and Advanced Management. (Doc. # 38).

The Court must apply Florida law because "[t]he construction of insurance contracts is governed by substantive state law." Provau v. State Farm Mut. Auto. Ins. Co., 772 F.2d 817, 819 (11th Cir. 1985). Under Florida law, "insurance contracts must be construed in accordance with the plain language of the policy." Swire Pac. Holdings, Inc. v. Zurich Ins. Co., 845 So. 2d 161, 165 (Fla. 2003). "In Florida, in determining an insurer's duty to defend, a court must look no further than the allegations contained within the four corners of the complaint in the underlying action against the insured." Philadelphia Indem. Ins. Co. v. Fla. Mem'l Univ., 307 F. Supp. 3d 1343, 1347 (S.D. Fla. 2018) (internal quotations omitted). "[I]f the relevant policy language is susceptible to more than one reasonable interpretation, one providing coverage and the other limiting coverage, the insurance policy is considered ambiguous. An ambiguous provision is construed in favor of the insured and strictly against the drafter." Swire Pac. Holdings, Inc., 845 So. 2d at 165 (internal quotations and citations omitted). However, "simply because a provision is complex and requires analysis for application, it is not automatically rendered ambiguous." Id.

As an initial matter, the Court finds that Mr. Delaney-Ogorek was an employee of Urethane Systems. The complaint states explicitly that he was an "employee of Urethane Systems." (Doc. # 41-1 at ¶ 10). Thus, the Court will analyze whether Urethane Systems was acting as an independent contractor, and notes that the exclusion applied to "any independent contractor," as well as to "any 'employee' of any independent contractor." (Doc. #41-2 at 49). Thus, if Urethane Systems was acting as an independent contractor, then Mr. Delaney-Ogorek, as an employee of Urethane Systems, would fall under the exclusion.

The Court agrees with United National that Mr. Delaney-Ogorek was an employee of an independent contractor that was performing work on behalf of Defendants.

The policy did not define "independent contractor" and "[w]hen the insurer has not defined a term, the common definition of the term should prevail." Auto-Owners Ins. Co. v. Above All Roofing, LLC, 924 So. 2d 842, 847 (Fla. 2nd DCA 2006); see also Id. ("The failure to define a term, however, does not necessarily render the term ambiguous."). Black's Law Dictionary defines "independent contractor" as "[o]ne who is entrusted to undertake a specific project but who is left free to do the assigned work and to choose the method for

9

accomplishing it." Independent Contractor, Black's Law Dictionary (8th ed. 2004); see also United States Liability Ins. Co. v. Eutsay et al, Case No. 4:23-cv-148-AW-MAF, Doc. # 32 at *9 (N.D. Fla. Sep. 15, 2023) (using a definition of "contractor" from Black's Law Dictionary when the insurance policy in question failed to define the term).

The Court finds that Mr. Delaney-Ogorek was performing work for Defendants as an employee of an independent contractor. In undertaking this analysis, the Court must focus exclusively upon the complaint in the Underlying Action. See Philadelphia Indem. Ins. Co., 307 F. Supp. 3d at 1347 ("[A] court must look no further than the allegations contained within the four corners of the complaint in the underlying action against the insured."). The complaint alleges that Advanced Management contacted Urethane Systems to arrange for Urethane Systems to provide an estimate to repair a ceiling leak, and that Urethane Systems sent its employee, Mr. Delany-Ogorek, to perform the estimate. (Doc. # 41-1 at ¶¶ 10-12). Thus, Mr. Delaney-Ogorek was "entrusted to undertake a specific project" by Advanced Management. Independent Contractor, Black's Law Dictionary (8th ed. 2004). Then, the complaint alleges that Mr. Delaney-Ogorek was given autonomy to decide how to perform the estimate,

10

leading him to strategize on how to best access the roof. (Doc. # 41-1 at ¶¶ 13; 16-20). Thus, he was "left free to do the assigned work and to choose the method for accomplishing it." Independent Contractor, Black's Law Dictionary (8th ed. 2004). Therefore, Mr. Delaney-Ogorek was acting as an an employee of an independent contractor that was performing work for Defendants when he tragically died. See Itnor Corp. v. Markel Int'l Ins. Co., 981 So. 2d 661, 663 (Fla. 3rd DCA 2008) (finding that an independent contractor was performing work on behalf of the policyholder when the independent contractor "was readying an apartment for a tenant when she was injured").

The Court is unpersuaded by Defendants' attempts to circumvent the common-sense conclusion that Mr. Delaney-Ogorek was performing work on behalf of Defendants. True, the "duty to defend is determined solely by the allegations against the insured, not by the actual facts, nor the insured's version of the facts." S. Owners Ins. Co. v. Galati Yacht Sales, LLC, 653 F. Supp. 3d 1147, 1156 (M.D. Fla. 2023) (internal quotations omitted). The complaint in the Underlying Action states that Mr. Delaney-Ogorek was "examining the roof for the purpose of Urethane Systems," which was being done "for the benefit of Urethane Systems,"

11

and that his actions were "not part of any work performed . . . for [Defendants]." (Doc. # 41-1 at ¶¶ 14-15). While these allegations are in the complaint, Defendants cannot evade the policy's exclusion merely through reliance upon descriptive labels. See Hatmaker v. Liberty Mut. Fire Ins. Co., 308 F. Supp. 2d 1308, 1316 (M.D. Fla. 2004) ("[A] plaintiff cannot trigger a duty to defend merely by labeling an intentional act 'negligent.' Instead . . . , where the alleged facts establish intentional conduct, but the claim alleges negligence, the negligence label should be disregarded. While a wolf in sheep's clothing presents a clever disguise it is still a wolf."); State Farm Fire & Cas. Co. v. Steinberg, 393 F.3d 1226, 1230 (11th Cir. 2004) ("Conclusory 'buzz words' unsupported by factual allegations are not sufficient to trigger coverage.").

    Here, the complaint may label Mr. Delaney-Ogorek's work as being on behalf of Urethane Systems, but that does not make it true. Rather, the rest of the complaint describes the process through which he was performing work on behalf of Defendants, as analyzed above. See Hatmaker, 308 F. Supp. 2d. at 1317 ("A careful reading of the allegations in that Count do not reflect negligence but rather battery."). Defendants cannot escape these facts, contained within the complaint, by

12

relying upon conclusory labels in other parts of the complaint.

As the Court has concluded that Mr. Delaney-Ogorek was an employee of an independent contractor on behalf of Defendants, the Court finds that the policy excludes coverage for the death of Mr. Delaney-Ogorek. (Doc. # 41-2 at 49). Thus, United National has no duty to defend in the Underlying Action. Accordingly, United National also does not have a duty to indemnify Defendants in the Underlying Action. Philadelphia Indem. Ins. Co. v. Yachtman's Inn Condo Ass'n, Inc., 595 F. Supp. 2d 1319, 1322 (S.D. Fla. 2009) ("Under Florida law, the duty to defend is much broader than the duty to indemnify. As a result, a court's determination that the insurer has no duty to defend requires a finding that there is no duty to indemnify." (internal citations omitted)).

For these reasons, United National's Motion is granted, and summary judgment is granted in favor of United National.

### B. Defendants' Cross Motion

Because the Court has already found that summary judgment should be granted for United National, Defendants' Cross Motion is denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

13

(1) Plaintiff United National Insurance Company's Motion for Final Summary Judgment (Doc. # 38) is **GRANTED**.

(2) Defendants Sutton Place Association Inc. and Advanced Management of Southwest Florida, Inc.'s Response to Plaintiff's Motion for Summary Final Judgment and Cross Motion for Summary Judgment (Doc. # 41) is **DENIED**.

(3) The Clerk is directed to enter judgment in favor of Plaintiff and against Defendants and, thereafter, **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of February, 2025.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE